**MODERN ELECTRIC, INC., In Its Own Right and United States of America, ex rel. Modern Electric, Inc., Appellees**

v.

**IDEAL ELECTRONIC SECURITY CO., INC., A D.C. Corporation, Appellant**

No. 97–7099.

United States Court of Appeals, District of Columbia Circuit.

Argued April 2, 1998.

Decided June 26, 1998.

Curtis R. Smothers argued the cause for appellant. With him on the briefs was John W. Karr.

Michael P. Darrow argued the cause and filed the brief for appellee Modern Electronic, Inc.

Before: EDWARDS, Chief Judge, GINSBURG and TATEL, Circuit Judges.

PER CURIAM:

Bringing this contract action to us for a second time, appellant challenges district court rulings refusing to reopen the record on remand, admitting a new exhibit offered by appellee, denying a new trial, rejecting a claimed offset, and awarding prejudgment interest. Because all of appellant's arguments lack merit, we affirm.

## I

We described this dispute in detail in *United States ex rel. Modern Electric, Inc. v. Ideal Electronic Security Co., Inc.*, 81 F.3d 240, 242–44 (D.C.Cir.1996). In brief, the facts are as follows: In July 1991, through a Small Business Administration program promoting disadvantaged businesses, appellant Ideal Electronic Security Co., Inc. was selected to replace PCB-laced electrical transformers at the Walter Reed Medical Centers. Ideal subcontracted with appellee Modern Electric, Inc. to perform the bulk of the work under a written contract that expired April 2, 1992. After the contract's expiration, Modern continued to work for Ideal in response to purchase orders and oral requests to complete specific tasks. Although the parties entered into a new agreement in January 1993, disagreements soon mounted, and nine months later, Modern stopped working for Ideal.

Modern sued, arguing that Ideal's purchase orders and oral requests formed contracts that Ideal breached. The district court found no contractual liability, but granted Modern some recovery on an unjust enrichment theory for certain discounts Ideal took from Modern's invoices.

Ideal and Modern both appealed, and this court reversed. *Id.* at 244–45. Finding that under District of Columbia law, purchase orders and oral agreements could form contracts, *id.* at 244, we remanded to the district court "to make specific findings regarding each ... alleged agreement[ ]," *id.* at 245.

On remand, and making each of the findings required by our earlier decision, the district court found Ideal liable for breach of contract arising out of three oral requests for work and twenty-nine of fifty-five disputed purchase orders, *U.S. ex rel. Modern Elec., Inc. v. Ideal Elec. Sec., Inc.*, No.94–0385, at 5–27 (D.D.C. May 1, 1997), and awarded Modern $158,000 in damages, *id.* at 30, plus prejudgment interest of almost $44,000. The district court also rejected two offsets Ideal claimed: $74,000 based on the contention that a Federal Acquisition Regulation required Modern to provide Ideal with certain labor credits; and $88,000 for duct work done by Modern that the government had allegedly rejected on the theory that Ideal's contracts only required payment to Modern when Ideal received payment from the government. *Id.* at 29–30. Ideal moved for a new trial, challenging the district court's decision not to reopen the record and the sufficiency of the evidence. The district court denied the motion. Ideal again appeals.

## II

We begin with Ideal's challenges that we review for abuse of discretion: the denial of Ideal's request to reopen the record; the acceptance of Modern's new evidence; the denial of Ideal's motion for a new trial; and the award to Modern of prejudgment interest during the period of the previous appeal. *See, e.g., Taylor v. FDIC*, 132 F.3d 753, 766

n. 7 (D.C.Cir.1997) (new evidence); *Langevine v. District of Columbia,* 106 F.3d 1018, 1023 (D.C.Cir.1997) (denial of motion for new trial); *District of Columbia v. Pierce Assocs., Inc.,* 527 A.2d 306, 310 (D.C.1987) (prejudgment interest in contract cases).

■ Ideal complains first about the district court's refusal to reopen the record. Following our remand, the district court ordered each party to submit proposed findings of fact based on the original trial transcript and exhibits. Pointing to a ruling at the original trial cutting short one witness's testimony, Ideal asked to reopen the record to take additional testimony on each purchase order. The district court rejected the request, noting that Ideal "was not foreclosed by that ruling from adducing evidence with respect to each or any of the purchase orders." We disagree with Ideal's contention that this ruling amounted to an abuse of discretion. Not only did Ideal fail to object to the district court's ruling about Ideal's testimony, but read in context, the ruling only precluded the witness from elaborating on the background of an exhaustive list of Ideal's individual defenses. As the district court noted, Ideal remained free to offer any other testimony or documentary evidence it deemed appropriate.

■ Ideal next asserts that the district court abused its discretion in accepting and then relying on an exhibit offered by Modern to rebut an offset Ideal claimed for duct work Ideal asserted the government never paid for. But Ideal never established that under the contracts formed by the invoices and oral requests, it was entitled to pay Modern only when paid by the government. Any error regarding Modern's exhibit would therefore have been harmless.

Ideal's appeal of the district court's denial of its new trial motion fares no better. Other than a challenge to the sufficiency of the evidence, an issue not raised on appeal, the new trial motion essentially relied on the two arguments we have already rejected.

■ Ideal asserts that the district court abused its discretion by failing to explain why it granted Modern prejudgment interest for the period between the original judgment, vacated on appeal, and the final judgment on remand, arguing that such interest penalizes parties appealing a judgment and subverts the federal post-judgment interest statute, 28 U.S.C. § 1961 (1994). Because extending the grant of prejudgment interest (which Ideal has not challenged) to the period of appeal merely compensated Modern for the continuing time-value of its money, and in no way implicated the *post*-judgment interest statute (it was entirely proper *pre*-judgment interest), we cannot fault the district court's decision to award such interest.

### III

Ideal finally claims that the district court erred in denying it a twenty-percent offset for "labor credits," arguing such offset was required by a Federal Acquisition Regulation, 48 C.F.R. § 52.219–14(b)(4) (1997). Because this argument presents a question of law, our review is *de novo, see Moldea v. New York Times Co.,* 22 F.3d 310, 316 (D.C.Cir.1994).

■ Entitled "Limitations on Subcontracting," section 52.219–14(b)(4) provides that in certain government construction contracts under a Small Business Administration program promoting disadvantaged contractors, prime contractors "will perform at least 25 percent of the cost of the contract, not including the cost of materials, with its own employees." 48 C.F.R. § 52.219–14(b)(4). We need not decide whether or to what extent this regulation affected Ideal's contracts with Modern. Even if the regulation had somehow been incorporated as a matter of law into those contracts, the regulation in no way requires labor credits, let alone the very specific twenty-percent credit Ideal sought.

We affirm the decision of the district court.

*So ordered.*